8  UNITED STATES DISTRICT COURT

9  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  SHAWNCEY F. BLAKE and ERIN K. McMARLIN,                No. 2:18-cv-02335 JAM AC (PS)

12

13               Plaintiffs,                                ORDER

14        v.

15  ROSEVILLE POLICE DEPARTMENT and CITY ATTORNEY OFFICE OF ROSEVILLE,

16

17               Defendants.

18

19       Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the

20  undersigned by E.D. Cal. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma

21  pauperis ("IFP"), and has submitted the affidavit required by that statute. See 28 U.S.C.

22  § 1915(a)(1). The motion to proceed IFP will therefore be granted.

23  I. SCREENING

24       The federal IFP statute requires federal courts to dismiss a case if the action is legally

25  "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

26  monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

27  Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting

28  the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

////

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

### A. The Complaint

Plaintiff is suing the Roseville Police Department and the City Attorney Office of Roseville. ECF No. 1 at 1. He challenges California Senate Bill 867 pursuant to the 14th Amendment, on grounds that the City of Roseville has used the law to violate his right to rest, sleep, or sit in public parks by giving him a two-year park exclusion ticket. ECF No. 1 at 3. Plaintiff alleges that as a homeless citizen he has been discriminated against due to his housing status and has been the victim of excessive stops by law enforcement. Id. He alleges he has been pulled over more than 40 times between 2016 and 2017 due to his homeless status. Id. Plaintiff also alleges his 5th and 14th Amendment rights were violated when his clothing, tents, and bikes were confiscated within a 48-hour notice period to move from open land in the city of Roseville. Id. at 4. Plaintiff alleges this was improper because camping was permitted in Roseville in 2016 and 2017. Id. Plaintiff seeks $2,000 in damages for two infraction tickets to himself, and $2,000 for two infraction tickets to another individual, Erin K. McMarlin, whom he listed as a co-plaintiff. Id. at 6.

### B. Analysis

There are several problems with the complaint. First, plaintiff seeks damages on behalf of another individual, apparently attempting to represent her. Because he is acting in pro se, however, plaintiff may represent only himself and his own interests. He may not bring claims or seek damages on behalf of another person. See Johns v. County of San Diego, 114 F.3d 874, 876, 877 (9th Cir.1997) (non-lawyer has no authority to appear on behalf of others).

Additionally, the complaint fails to make any specific allegations against the City Attorney's Office of Roseville, and it is unclear how this defendant was involved in the alleged violations of plaintiff's rights. Plaintiff's putative claim(s) against the City Attorney's Office are inadequate to proceed, because he has stated no specific allegations against this defendant.

With respect to plaintiff's claims against the Roseville Police Department, the Department cannot be held liable under Section 1983 for the actions of individual officers. The Civil Rights Act does not permit "vicarious liability" for municipal defendants, and they cannot be held responsible for the actions of their employees. See Connick v. Thompson, 563 U.S. 51, 60 (2011). The Department defendant can be held liable only for the harm caused by their own actions and policies. Id.; see also Monell v. Dep't of Soc. Servs. Of City of New York, 436 U.S. 658, 690 (1978). Therefore, "to prevail on a claim against a municipal defendant or police department the plaintiff must allege facts showing: (1) that he was deprived of [his] constitutional rights by defendants and their employees acting under color of state law; (2) that the defendants have customs or policies which amount to deliberate indifference to [specifically identified] constitutional rights' and (3) that these policies [were] the moving force behind the constitutional violations." Gant v. County of Los Angeles, 772 F.3d 608, 617 (9th Cir. 2014) (quoting Lee v. City of Los Angeles, 250 F.3d 668, 681 (9th Cir. 2001)). The complaint before the court does not identify any policy of the Roseville Police Department that is unconstitutional or otherwise caused the violation of plaintiff's rights.

Alternatively, a civil rights plaintiff can satisfy the "customs or policies" requirement by alleging facts showing the Department's inadequate "training or supervision" caused the constitutional violations. Failure to train supports municipal liability only where the training or supervision "is sufficiently inadequate as to constitute 'deliberate indifference' to the right[s] of persons" with whom its officers come into contact. Davis v. City of Ellensburg, 869 F.2d 1230, 1235 (9th Cir. 1989) (quoting City of Canton v. Harris, 489 U.S. 378, 389 (1989)). The requirement can also be satisfied if plaintiff can show that the Department ratified the officers' allegedly unconstitutional conduct. See Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 737 (1989) (section 1983 claim may be made out by acquiescence in a longstanding practice or custom which

constitutes the "standard operating procedure" of the local governmental entity). Plaintiff's complaint alleges no such facts against the Department and, therefore, the complaint fails to state a claim against it.

The complaint does not name any individual officers as defendants. Because plaintiff will be given an opportunity to amend his complaint, the principles governing individual liability under does not name any individual officers as defendants. Because plaintiff will be given an opportunity to amend his complaint, the principles governing individual liability under 1983 are discussed below.

Finally, plaintiff's claim under "Senate bill 867 – California Homeless Bill" does not contain sufficient information to state a claim. It is unclear to the court what bill plaintiff challenges. The complaint does not identify what year this bill was introduced or whether it was adopted. The most recent Senate Bill 867, approved by the Governor on September 17, 2018, does not relate to homelessness but to workplace conduct services. 2017 California Senate Bill No. 867, California 2017-2018 Regular Session. It appears plaintiff is attempting to bring an as-applied challenge to a state law. "A paradigmatic as-applied attack [to a statute] challenges only one of the rules in a statute, a subset of the statute's applications, or the application of the statute to a specific factual circumstance, under the assumption that a court can separate valid from invalid sub-rules or applications." Hoye v. City of Oakland, 653 F.3d 835, 857 (9th Cir. 2011) (internal citations and quotations omitted). Plaintiff's complaint must clarify what law he wishes to challenge, what provision of the law was applied to him, and why he believes the application of that legal provision was unconstitutional. Further, to the extent plaintiff seeks to bring an as-applied challenge to a state statute, he must comply with the notice requirements of Fed. R. Civ. P. 5.1.

## II. AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, the amended complaint must allege facts establishing the existence of federal jurisdiction. In addition, it must contain a short and plain statement of plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each

paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiff must avoid excessive repetition of the same allegations. Plaintiff must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendant(s) legally wronged the plaintiff.

In amending, plaintiff should take care to address the defects with his original complaint that are identified above, and be guided by the legal principles the court has explained. If plaintiff intends to seek damages from individual officers for violating his rights, those officers must be named as defendants. Plaintiff must specify how each individual defendant participated in the violation of his rights. See Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark County Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180. The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## III. PRO SE PLAINTIFF'S SUMMARY

Your request to proceed in forma pauperis is granted and you are not required to pay the filing fee. The complaint is dismissed with leave to amend because (1) you cannot seek damages on behalf of or represent another person; (2) you have not explained how the City Attorney Office of Roseville violated your rights; (3) you have not alleged an unconstitutional policy or practice by the Roseville Police Department; and (4) your challenge to Senate Bill 867 does not appear to be challenging an active law. Your amended complaint must be brought only on behalf of yourself, it must make clear allegations against each individual defendant, and it must clarify your claims against the Roseville Police Department and your claim regarding Senate Bill 867.

If you choose to amend your complaint, the first amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the original complaint. Any claims not in the first amended complaint will not be considered.

## IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 3) is GRANTED;
2. The complaint (ECF No. 1), is DISMISSED because it does not contain the short and plain statement of the claim required by Rule 8(a); and
3. Plaintiff shall have 30 days from the date of this order to file an amended complaint that names defendants who are amenable to suit, and which complies with the instructions

given above.  If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: October 24, 2018

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE